## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BENJAMIN HELGESON, an individual

       Plaintiff(s),

v.

WESTMINSTER PUBLIC SCHOOLS
KIRCHERS LEDAY, in his personal and official capacity as Chief of Staff, Human Resources
Department

       Defendant(s).

---

## COMPLAINT

---

Plaintiff, Benjamin Helgeson ("Plaintiff"), who appears individually, hereby respectfully files this action against Defendant Westminster Public Schools ("District") and Defendant Kirchers Leday, in his personal and official capacity ("Leday") (collectively, "Defendants") through the undersigned counsel of record Kishinevsky & Raykin, Attorneys at Law, and states on information and belief as follows.  This action seeks appropriate declaratory and injunctive relief and damages and costs.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Federal question jurisdiction arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiff Benjamin Helegeson is a resident of Colorado.

3. Defendant Westminster Public Schools is a school district in Adams County, Colorado.

4. On information and belief, Defendant Kirchers Leday is a resident of Colorado.

5. The wrongful acts alleged by Plaintiff occurred in whole or in part in Adams County, Colorado.

6. Venue is proper in this court under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff is a teacher employed by Defendant Westminster Public Schools.

8. Defendant Leday is the Chief of Staff of the District's Human Resources Department.

9. Plaintiff has worked for the District for 19 years.

10. Plaintiff has performed his job duties satisfactorily and received positive performance evaluations.  All objective evidence from the District indicates that he has been an outstanding teacher.

11.  In response to the COVID-19 pandemic, the District implemented a vaccine requirement for employees, including teachers.

12. The District has required all teachers to receive a COVID-19 vaccine by October 15, 2021.

13. Plaintiff's sincerely held religious beliefs prevent him from receiving a COVID-19 vaccine.  He has informed Defendants of this.

14. Because Plaintiff's sincerely held religious beliefs conflict with the District's COVID-19 vaccine requirement, Plaintiff sought a religious accommodation and/or exemption from the mandate.

15. On September 27, 2021, the District granted Plaintiff's request for a religious exemption from the COVID-19 vaccine requirement.  Defendant Leday stated that the District was not making a determination as to the validity of Plaintiff's religious beliefs, but that it

was nonetheless granting the exemption.  Defendant Leday invited Plaintiff to a meeting to discuss any accommodations Plaintiff was seeking.

16. On October 7, 2021, Defendant Leday held a meeting with Plaintiff to discuss accommodations.

17. Following the meeting, Defendant Leday sent Plaintiff another letter explaining that the District was unable to provide any accommodations for Plaintiff's request for a religious exemption.  Defendant Leday claimed that no accommodation could be provided without the District incurring an undue hardship.

18. Therefore, the District placed Plaintiff on unpaid leave.

19. Plaintiff continues to be on unpaid leave, whereby he may not teach for the District or collect ay money from the District.

20. In informing Plaintiff that the District was denying Plaintiff's request for an accommodation and placing him on unpaid leave, Defendant Leday instructed Plaintiff that he was not allowed to communicate with any Westminster Public Schools students or staff, either in-person or through electronic communication without the prior approval of the chief of staff.

21. In fact, a letter from the Defendants to Plaintiff and similarly situated educators for the District stated: "During your leave, you are directed not to have contact with any Westminster Public Schools students or staff in person or through electronic communications, or be present on any Westminster Public Schools premises without the permission of the Chief of Staff.  Failure to adhere to this directive will lead to disciplinary actions up to an including termination of employment."

22. The restraint on Plaintiff's speech contained no limitations on its scope and by its terms applied to any and all contact with District students or staff regarding any and all subjects whether work-related, strictly personal, or on issues of public importance.

23. The directive contained an explicit threat of disciplinary sanctions, up to and including termination, for any violation of the order.

24. On information and belief, the directive not to have any contact or communications with District students or staff has been given to all District employees placed on unpaid leave as a result of Defendant's COVID-19 vaccination requirement. This no-contact directive is the official policy of the Defendant.

25. Defendant Leday is a final policymaker with respect to the District's handling of requests for accommodations or exemptions from the District's COVID-19 vaccine requirement.

26. Defendant Leday spoke for the District in determining whether individual employees, including Plaintiff, were entitled to an exemption or accommodation from the District's COVID-19 vaccine mandate.

27. Defendant Leday spoke for the District when he directed Plaintiff to have no contact or communication with any District student or staff without his prior approval.

28. As a result of Defendant Leday's no-contact directive, Plaintiff's speech has been chilled. The broad no-contact order has prevented Plaintiff from speaking with his friends who are District staff members.

29. Plaintiff has refrained from speaking with his friends who are District staff members about any topic, including topics of public concern

30. Plaintiff's spouse is also a District staff member.  The directive has caused Plaintiff distress because he cannot refrain from contact or communications with his spouse, but risks disciplinary action, up to and including termination, when he does.

31. Additionally, during Plaintiff's tenure as a teacher with the District, he developed relationships with parents and District students.  District students and parents contact Plaintiff on a regular basis.  Because of the directive, Plaintiff has refrained from speaking with District students and parents about any topic, including topics of public concern.

32. Furthermore, because of Plaintiff's knowledge and skills, including his ability to speak Spanish, Plaintiff has been a resource to District colleagues, District students, and parents regarding compliance with a legal settlement reached between the District and the United States.  Because of the directive, Plaintiff has been prevented from speaking with his colleagues regarding compliance with the legal settlement.

33. Compliance with the directive has caused Plaintiff distress due to the threat of disciplinary action.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 FOR VIOLATION OF CONSTITUTIONAL RIGHTS

34. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

35. 42 U.S.C. § 1983 provides that: "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or

immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

36. Plaintiff is a citizen of the United States and Defendants are persons for the persons of 42 U.S.C. § 1983.

37. Westminster Public Schools is a public school district in Colorado.

38. At all times relevant to this suit, Westminster Public Schools was acting under the color of state law.

39. The no-contact directive was the official policy, custom, or practice of Westminster Public Schools.

40. Defendant Leday was a final policymaker for the District.

41. Defendant Leday spoke for the District when he issued the restraint on Plaintiff's speech.

42. The District's official policy, custom, or practice of restraining the speech of employees receiving a religious exemption from its COVID-19 vaccine requirement was the moving force behind the constitutional injury to Plaintiff.

43. The District's final policymakers' restraint of Plaintiff's speech was the moving force behind the constitutional injury to Plaintiff.

44. Defendant Leday's command to Plaintiff to have no contact or communications with any District student or staff member is a prior restraint on Plaintiff's speech and association rights.

45. Defendant Leday's prior restraint on Plaintiff's speech violates clearly established law, and Defendant Leday is not entitled to qualified immunity.

46. As a direct and proximate result of Defendants' conduct, Plaintiff was deprived of his Constitutional rights and suffered other damages.

47. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988(b), pre-judgment interest, and costs as allowable by federal law.

## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

48. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

49. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, Plaintiff requests the court declare the rights and legal relations of the parties.

50. Plaintiff seeks a declaratory judgment that:

    a.  The directive, as described in this Complaint, that Plaintiff is to have no contact or communications, either in-person or electronically, with any District student or staff, is an unconstitutional prior restraint on Plaintiff's speech and association rights.

51. Plaintiff further seeks preliminary and permanent injunctive relief.

52. Plaintiff seeks a permanent injunction barring Defendants and any of their agents from enforcing the directive to have no contact or communications, either in-person or electronic, with any District student or staff.

## REQUEST FOR RELIEF

53. Plaintiff reincorporates and realleges all other paragraphs as if fully set forth herein.

54. Plaintiff requests that the court enter judgment in his favor and against Defendant as follows:

    a.  Awarding Plaintiff nominal and compensatory damages, including for emotional upset, stress, and anxiety in an amount to be established at trial;

    b.  Awarding Plaintiff costs and attorney fees;

    c.   Preliminarily and Permanently enjoining Defendants from enforcing the directive to have no contact or communications, either in-person or electronic, with any District students or staff;

    d.   Awarding the Plaintiff any additional and further relief that the court finds equitable, appropriate, or just.

*s/ Igor Raykin*
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 767-1846
E-mail: igor@coloradolawteam.com
Attorney for Plaintiff

*s/ Michael Nolt*
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-588-9713
michael@coloradolawteam.com
Attorney for Plaintiff